# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TROY R. SHAW, | ) |
| Petitioner, | ) |
| v. | ) No. 2:09-cv-325-JMS-WGH |
| BRETT MIZE, | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

### I.

Troy Shaw ("Shaw") seeks habeas corpus relief with respect to his 2002 conviction for the murder of Brett King. Having considered Shaw's petition, the respondent's return to order to show cause, Shaw's reply and the expanded record, the court finds that Shaw's habeas petition must be **denied** and this action **dismissed with prejudice.**

### A. Background

Shaw's conviction and sentence were affirmed on direct appeal in *Shaw v. State,* No. 02A03-0205-CR-132 (Ind.Ct.App. May 7, 2003) (*Shaw I*). Shaw did not seek transfer. The trial court's subsequent denial of Shaw's amended petition for post-conviction relief was affirmed on appeal in *Shaw v. State,* 898 N.E.2d 465 (Ind.Ct.App. Dec. 30, 2008) (*Shaw II*). Shaw's petition for transfer was denied on February 26, 2009.

As a result of the parties' filings, the sole claim remaining for resolution here is Shaw's claim that he was denied the effective assistance of counsel in his direct appeal because his appellate counsel failed to challenge an untimely amendment to the charging information. To place this claim into context, on June 9, 2000, Shaw was charged with aggravated battery. An amended information was filed on November

30, 2001, to include the offense of murder. A continuance was given because of the amended charge. Shaw=s trial commenced on February 11, 2002. The jury found Shaw guilty of murder as charged in the amended information.

### B. Applicable Law

Shaw seeks relief pursuant to 28 U.S.C. ' 2254(a). In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

The Court of Appeals has reviewed the standard to be applied here:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard "seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000).

*Atkins v. Zenk,* 2012 WL 272848, *4 (7th Cir. 2012). AUnder AEDPA, federal courts do not independently analyze the petitioner=s claims; federal courts are limited to reviewing the relevant state court ruling on the claims.@ *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). AThe habeas applicant has the burden of proof to show that the application of federal law was unreasonable.@ *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

### C. Discussion

The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and Athe right to counsel is the right to the effective assistance of counsel.@ *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). This guarantee exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984).

The clearly established federal law governing ineffective assistance of counsel claims is the framework established in *Strickland. Williams v. Taylor,* 529 U.S. 362, 390–91 (2000). Under *Strickland*'s familiar two-part test, an attorney renders ineffective assistance of counsel if 1) the attorney's performance fell below "an objective standard of reasonableness," *id.* at 688, and 2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is highly deferential, and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004).

> The second part of the *Strickland* inquiry requires a showing of prejudice, that is, proof that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." A "reasonable probability" of a different result is one sufficient to undermine confidence in the outcome."

*Id.* (internal citations omitted).

The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis*, 328 F.3d 896, 900B01 (7th Cir. 2003). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Id.*, at 901 (for a claim to support relief, it must be reasonable probability that issue not raised would have altered outcome of appeal).

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [*Strickland*] at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S. at __, 129 S. Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S. Ct. at

1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011); *see also Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003). "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

Shaw's claim of ineffective appellate counsel was presented in his post-conviction action. The Indiana Court of Appeals recognized the *Strickland* standard. *Shaw II,* 898 N.E.2d at 469 ("Claims of ineffective assistance of appellate counsel are also evalusated under the *Strickland* standard."). The Indiana Court of Appeals then reviewed Shaw=s claim regarding appellate counsel=s failure to challenge the trial court=s decision to allow the State to amend the charging information and the state of Indiana law on the subject. It was concluded that "there appeared to be no case in which a court had invalidated any amendment," *id.,*at 470, and that "[a]ppellate counsel would not have been able to demonstrate prejudice because Shaw had been granted a continuance to prepare for his trial on the amended charges." *Id.* The Indiana Court of Appeals added that it was not deficient performance for appellate counsel to not raise the issue. *Id.* ("In a similar case, we recently found appellate counsel was not ineffective for failing to argue in 2003 that the court erred in allowing an amendment of substance after the omnibus date.").

Thus, the Indiana Court of Appeals' *Strickland* analysis encompassed each prong of that standard. It did not do so in an unreasonable fashion. A decision by the Indiana Supreme Court four years after the conclusion of Shaw's direct appeal held that an amended information was subject to dismissal under IND. CODE ' 35-34-1-5 because it was of substance and untimely even without a showing of prejudice in *Fajardo v. State*, 859 N.E.2d 1201 (2007). This decision, however, did find that Shaw's appellate attorney would be held accountable to anticipate the change in state law. *Shaw II*, 898 N.E.2d at 470 (noting that the post-conviction court found that in light of the case law when Shaw appealed, counsel was not expected to be a legal soothsayer and it was reasonable for Shaw=s attorney to determine such an argument would be unsuccessful based on the then current state of the law; thus, Acounsel=s failure to raise the issue does not demonstrate ineffective assistance@). This observation was entirely sound, for the case law is clear that an attorney's failure to anticipate changes in existing law does not rise to the level of constitutional ineffectiveness. *Lilly v. Gilmore,* 988 F.2d 783, 786 (7th Cir.), *cert. denied,* 114 S. Ct. 154 (1993).

Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Shaw=s claim of ineffective assistance of appellate counsel does not support the award of habeas corpus relief. *Murrell* at 1111-12 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

### D. Conclusion

This court has carefully reviewed the state record in light of Shaw=s ineffective assistance of appellate counsel claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Shaw to relief in this case. Shaw=s petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Shaw has failed to show (1) that reasonable jurists would find this court's Aassessment of the constitutional claims debatable or wrong.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/16/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana